UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21514-CV-UNGARO/OTAZO-REYES

DAMIRSY RODRIGUEZ ACOSTA and all
Others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

SORIANO BROTHERS, et al.,

    Defendants.
_____/

**SORIANO BROTHERS RESTAURANT GROUP, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND RESPONSE TO PLAINTIFF'S MOTION FOR CLERK'S ENTRY OF DEFAULT WITH INCORPORATED SUPPORTING MEMORANDUM OF LAW**

SORIANO BROTHERS RESTAURANT GROUP, LLC, by and through its undersigned counsel[1], files its Reply to Plaintiff's Response to Order to Show Cause (D.E. 26) and Response to Plaintiff's Motion for Clerk's Entry of Default (D.E. 27) and, and states as follows:

### I.     Reply to Plaintiff's Response to Order to Show Cause

On June 24, 2015, this Court entered an Order to Show Cause requiring Plaintiff to show good cause as to why her claims against Soriano Brothers Restaurant Group, LLC should not be dismissed for failure to comply with the Court's Order <u>and</u> to file verified proof of service by June 26, 2015. (D.E. 25). Plaintiff filed her Response on June 26, 2015. (D.E. 26). Not only does Plaintiff's Response not show good cause, but no verified proof of service was filed as required by the Court's Order because service has <u>never</u> been effectuated against it. In her

---

[1] The undersigned is making a limited appearance in this matter on behalf of Soriano Brothers Restaurant Group, LLC to file this reply.

Response, Plaintiff inexplicably represents to the Court that "Plaintiff had, in fact, served Soriano Brothers Restaurant Group, LLC." (D.E. 26 at ¶1). This is not supported by any of the facts or filings with the Court. As such, Plaintiff's claims against Soriano Brothers Restaurant Group, LLC should be dismissed.

On April 22, 2015, Plaintiff filed her Complaint pursuant 29 U.S.C. §§ 201-216 Overtime and Minimum Wage Violations naming Soriano Brothers Restaurant Group, LLC as a defendant. (D.E. 1). Additionally, Plaintiffs brought suit against Soriano Brothers, Yismel Soriano, Ismael Soriano, Sr. and Ismael Soriano, Jr. (collectively "Served Soriano Defendants") as well as R&M Fruits Corp. ("R&M") and Juan Ruiz, Janette Ruiz, and Carlito Ruiz (collectively "Ruiz Defendants"). (D.E. 1). On May 7, 2015, this Court issued an Order requiring Plaintiff to file verified proof of service by June 19, 2015. (D.E. 6). On June 1, 2015, Plaintiff filed proof of service for the Served Soriano Defendants, R&M, and the Ruiz Defendants. (D.E. 13). Pursuant to the Plaintiff's filing, R&M and the Ruiz Defendants were served on April 28, 2015 and the Served Soriano Defendants were served on May 5, 2015. (D.E. 13). Soriano Brothers Restaurant Group, LLC was never served and no proof of service was provided to the Court. (D.E. 13).

Rather than show good cause in her Response, Plaintiff tries to cast the blame on counsel for the Served Soriano Defendants and their "bizarre contention that they represent 'Soriano Brothers' as a trademark, but not as 'Soriano Brothers Restaurant Group, LLC'." (D.E. 26 at ¶1). It is true Soriano Brothers is a trademark. However, Plaintiff elected to name Soriano Brothers and Soriano Brothers Restaurant Group, LLC as two separate and distinct defendants. Soriano Brothers was served, while Soriano Brothers Restaurant Group, LLC was not. On June 2, 2015, this Court entered an Order directing the Clerk to enter defaults as to the Served Soriano

Defendants. (D.E. 14). Recognizing Soriano Brothers Restaurant Group, LLC had never been served, it was not included in the Court's Order. Id. On June 2, 2015, a Clerk's Default was entered against the Served Soriano Defendants. (D.E. 15). No default was entered against Soriano Brothers Restaurant Group, LLC. On June 5, 2015, the Served Soriano Defendants filed a Renewed Motion to Vacate Clerk's Default along with a proposed Answer and Affirmative Defenses (D.E. 20), which was granted on June 8, 2015 (D.E. 22). Soriano Brothers Restaurant Group, LLC was not included in any of these orders or filings because they had not been served.

Plaintiff argues "Soriano Brothers Restaurant Group, LLC was served with service of process labeled for Soriano Brothers." (D.E. 26 at ¶3). This was not a scrivener's error as Plaintiff attempts to argue in her Response or that she simply got the name of the company wrong. She purposefully sued both Soriano Brothers and Soriano Brothers Restaurant Group, LLC. As they were named as separate defendants, service was required on each. The summons for Soriano Brothers was intended for Soriano Brothers, not Soriano Brothers Restaurant Group, LLC. In fact, a separate summons was issued for Soriano Brothers Restaurant Group, LLC, (D.E. 4 at 2), and it was never served. Plaintiff has failed to show good cause why she did not serve Soriano Brothers Restaurant Group, LLC when she served Soriano Brothers, Yismel Soriano, Ismael Soriano, Sr. and Ismael Soriano, Jr.

Plaintiff argues that because the Served Soriano Defendants were served, Soriano Brothers Restaurant Group, LLC had notice of the suit and that equates as service on Soriano Brothers Restaurant Group, LLC. Perhaps that would be an argument if there was one defendant and Plaintiff simply got the name wrong or the summons contained the wrong name (a "misnomer" as she argues in her Response (D.E. 26)). That is not the case here. Separate

summons were issued for Soriano Brothers Restaurant Group, LLC, Soriano Brothers, Yismel Soriano, Ismael Soriano, Sr. and Ismael Soriano, Jr. (D.E. 4).  As such, service was required on Soriano Brothers Restaurant Group, LLC and it was not done. *See Anderson v. Osh Kosh B'Gosh,* 255 Fed.Appx. 345, 347 (11th Cir. 2006) (defendant's actual notice is not sufficient to cure defectively executed service) (citation omitted); *see also McDaniel v. Firstbank Puerto Rico,* 96 So. 3d 926, 929 (Fla. 2d DCA 2012) (actual knowledge of a suit will not cure insufficient service of process) (citation omitted); *Bedford Computer Corp. v. Graphic Press, Inc.,* 484 So. 2d 1225, 1227 (Fla. 1986) (actual knowledge of suit does not render constructive service of process); *Panter v. Werbel-Roth Securities, Inc.,* 406 So. 2d 1267, 1268 (Fla. 4th DCA 1981) (actual knowledge of the attempted service cannot be used to justify the appellee's failure to strictly observe and substantially comply with service requirements.)

Plaintiff's argument that the summons for Soriano Brothers was intended for Soriano Brothers Restaurant Group, LLC has no merit as two separate summons were issued for each defendant.  Plaintiff has not shown good cause why service of the summons on Soriano Brothers Restaurant Group, LLC did not occur.  *See Lepone-Dempsey v. Carroll County Commissioners,* 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted) (Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.") Furthermore, Plaintiff did not file verified proof of service on Soriano Brothers Restaurant Group, LLC as required by this Court's Order to Show Cause. (D.E. 25).  As a result, good cause should not be found and Soriano Brothers Restaurant Group, LLC should be dismissed.

## II. Response to Plaintiff's Motion for Clerk's Entry of Default

Plaintiff has also filed a Motion for Clerk's Entry of Default. (D.E. 27). In her Motion, Plaintiff inexplicably seeks an entry of default against Soriano Brothers Restaurant Group, LLC despite undisputed evidence it has never been served with the lawsuit. Soriano Brothers Restaurant Group, LLC adopts the facts and argument set forth in Section I above in support of its position that service was never effectuated against it and default is not proper.

Additionally, in her Motion, Plaintiff argues service was made on Soriano Brothers Restaurant Group, LLC on May 5, 2015 because service was made to the Served Soriano Defendants on that date at 346 NW 57th Avenue, Unit J-1. Miami, FL 33126. (D.E. 27 at ¶2.) Plaintiff also argues "Soriano Brothers is in fact Soriano Brothers Restaurant Group, LLC," apparently arguing Plaintiff simply made a scrivener's error. (D.E. 27 at ¶3.) It is clear from the face of the pleadings Plaintiff intended to name Soriano Brothers and Soriano Brothers Restaurant Group, LLC as separate defendants, as well as Yismel Soriano, Ismael Soriano, Sr. and Ismael Soriano, Jr. In fact, separate summons were issued for both Soriano Brothers and Soriano Brothers Restaurant Group, LLC. (D.E. 4). The fact that the Served Soriano Defendants were served at the same address maintained by Soriano Brothers Restaurant Group, LLC does not equate to service. *See Anderson, McDaniel Bedford Computer Corp. v. Graphic Press, Inc., and Panter.*

Plaintiff had every opportunity on May 5, 2015, or any date subsequent, to effect service on Soriano Brothers Restaurant Group, LLC, but chose not to. Plaintiff's contention that "Soriano Brothers Restaurant Group, LLC has been served and refuses to defend the suit," (D.E.

27 at ¶7), is completely false and contrary to all evidence put forward by Plaintiff.  As such, Plaintiff's Motion for Clerk's Entry of Default should be denied.

Respectfully submitted,

HELLER WALDMAN, P.L.
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone:  (305) 448-4144
Telecopier:  (305) 448-4155

By:  /s/ Glen H. Waldman
    **Glen H. Waldman, Esq.**
    Fla. Bar No. 618624
    gwaldman@hellerwaldman.com
    **Jeffrey R. Lam, Esq.**
    Fla. Bar No. 41323
    jlam@hellerwaldman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

/s/ Glen H. Waldman
Glen H. Waldman, Esq.

6
HELLER WALDMAN, P.L.
3250 MARY STREET, SUITE 102 ● COCONUT GROVE, FLORIDA 33133

{00169880.DOCX }