UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21514-CV-UNGARO/OTAZO-REYES

DAMIRSY RODRIGUEZ ACOSTA and all
Others similarly situated under 29 U.S.C. 216(b),

      Plaintiff,

v.

SORIANO BROTHERS, et al.,

      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, SORIANO BROTHERS RESTAURANT GROUP, LLC, by and through their undersigned counsel file their Answer and Affirmative Defenses[1] to the Complaint Under 29 U.S.C. 201-216 Overtime and Minimum Wage Violations (D.E. 1) filed by Plaintiff, DAMIRSY RODRIGUEZ ACOSTA ("Plaintiff"), and states as follows:

## ANSWER

All allegations not specifically admitted are denied.

1. SORIANO BROTHERS RESTAURANT GROUP, LLC admits that Plaintiff attempts to state a claim under the Fair Labor Standards Act 29 U.S.C. §§ 201-216, but denies its applicability to them and denies any liability thereunder.

2. SORIANO BROTHERS RESTAURANT GROUP, LLC is without sufficient knowledge to be able to admit or deny the allegations contained in paragraph 2, which are therefore denied.

---

[1] Soriano Brothers Restaurant Group, LLC was served on July 16, 2015.

3. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 3.

4. Admitted that SORIANO BROTHERS RESTAURANT GROUP, LLC is a Florida Limited Liability Company. Denied as to the remainder of the allegations contained in paragraph 4.

5. SORIANO BROTHERS RESTAURANT GROUP, LLC is without sufficient knowledge to be able to admit or deny the allegations contained in paragraph 5, which are therefore denied.

6. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 6.

7. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 7.

8. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 8.

9. SORIANO BROTHERS RESTAURANT GROUP, LLC is without sufficient knowledge to be able to admit or deny the allegations contained in paragraph 9, which are therefore denied.

10. SORIANO BROTHERS RESTAURANT GROUP, LLC is without sufficient knowledge to be able to admit or deny the allegations contained in paragraph 10, which are therefore denied.

11. SORIANO BROTHERS RESTAURANT GROUP, LLC is without sufficient knowledge to be able to admit or deny the allegations contained in paragraph 11, which are therefore denied.

12. SORIANO BROTHERS RESTAURANT GROUP, LLC is without sufficient knowledge to be able to admit or deny the allegations contained in paragraph 12, which are therefore denied.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

13. To the extent the allegations contained in paragraph 13 are directed to SORIANO BROTHERS RESTAURANT GROUP, LLC, they are denied.

14. SORIANO BROTHERS RESTAURANT GROUP, LLC admit that Plaintiff attempts to state a claim under the Fair Labor Standards Act, but denies its applicability to them and denies any liability thereunder.

15. Paragraph 15 contains no allegations for SORIANO BROTHERS RESTAURANT GROUP, LLC to respond, however, to the extent paragraph 15 contains allegations against them, they are denied.

16. To the extent the allegations contained in paragraph 16 are directed to SORIANO BROTHERS RESTAURANT GROUP, LLC, they are denied.

17. To the extent the allegations contained in paragraph 17 are directed to SORIANO BROTHERS RESTAURANT GROUP, LLC, they are denied.

18. To the extent the allegations contained in paragraph 18 are directed to SORIANO BROTHERS RESTAURANT GROUP, LLC, they are denied.

19. To the extent the allegations contained in paragraph 19 are directed to SORIANO BROTHERS RESTAURANT GROUP, LLC, they are denied.

20. To the extent the allegations contained in paragraph 20 are directed to SORIANO BROTHERS RESTAURANT GROUP, LLC, they are denied.

21. To the extent the allegations contained in paragraph 21 are directed to SORIANO BROTHERS RESTAURANT GROUP, LLC, they are denied.

22. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 22.

23. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 23.

24. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 24.

25. To the extent the allegations contained in paragraph 25 are directed to SORIANO BROTHERS RESTAURANT GROUP, LLC, they are denied.

With regard to the unnumbered ad damnum clause at the end of Count I, SORIANO BROTHERS RESTAURANT GROUP, LLC denies that Plaintiff is entitled to any damages, attorneys' fees, costs or interest.

**COUNT II. FEDERAL MINIMUM WAGE VIOLATION**

26. Paragraph 26 contains no allegations for SORIANO BROTHERS RESTAURANT GROUP, LLC to respond, however, to the extent paragraph 26 contains allegations against them, they are denied.

27. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 27.

28. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 28.

29. SORIANO BROTHERS RESTAURANT GROUP, LLC denies the allegations contained in paragraph 29.

With regard to the unnumbered ad damnum clause at the end of Count II, SORIANO BROTHERS RESTAURANT GROUP, LLC denies that Plaintiff is entitled to any damages, attorneys' fees, costs or interest.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent SORIANO BROTHERS RESTAURANT GROUP, LLC was never Plaintiff's employer as defined in FLSA 29 U.S.C. §203.

Upon information and belief, Plaintiff worked at a restaurant doing business under the trademark Soriano Brothers located at 3435 NW 7th Street, Miami, FL 33125, which was operated by JCY Fruit Stands, Inc., a non-party to this action, pursuant to a lease agreement with the owner of the property, Anaias Investment, LLC. SORIANO BROTHERS RESTAURANT GROUP, LLC is the owner of the trademark, has no employees, and conducts no business. Further, SORIANO BROTHERS RESTAURANT GROUP, LLC has nothing to do with the operation of the restaurant Plaintiff allegedly worked at including hiring and paying employees.

SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as the FLSA does not apply to SORIANO BROTHERS RESTAURANT GROUP, LLC because they are not an enterprise engaged in commerce or in the production of goods for commerce pursuant to 29 USC 206. Further, SORIANO BROTHERS RESTAURANT GROUP, LLC does not have gross annual volume of sales in excess of $500,000 per year pursuant to 29 USC 203(s)(1).

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because SORIANO BROTHERS RESTAURANT GROUP, LLC does not have revenues in excess of $500,000 per year for the relevant years and are not engaged in commerce.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against SORIANO BROTHERS RESTAURANT GROUP, LLC as SORIANO BROTHERS RESTAURANT GROUP, LLC is not a single enterprise with the other corporate defendants under the FLSA as they do not share related activities, unified operation or common control, or a common business purpose. *See e.g., Donovan v. Easton Land,* 723 F.2d 1549, 1551 (11th Cir. 1984). First of all, SORIANO BROTHERS RESTAURANT GROUP, LLC conducts no business. Secondly, SORIANO BROTHERS RESTAURANT GROUP, LLC has no ownership interest in R&M Fruits Corp., JCY Fruit Stand, Inc., or the property where the restaurant Plaintiff allegedly works is located. Finally, among other things, SORIANO BROTHERS RESTAURANT GROUP, LLC is not involved in any decisions made by R&M Fruits Corp., JCY Fruit Stand, Inc., or the restaurant where Plaintiff allegedly worked; SORIANO BROTHERS RESTAURANT GROUP, LLC shares no employees

with R&M Fruits Corp. or JCY Fruit Stand, Inc.; SORIANO BROTHERS RESTAURANT GROUP, LLC has no employees; SORIANO BROTHERS RESTAURANT GROUP, LLC is not involved in the hiring or firing of employees; SORIANO BROTHERS RESTAURANT GROUP, LLC did not set pay rates and was not involved in paying Plaintiff; SORIANO BROTHERS RESTAURANT GROUP, LLC is not involved in the operation of the restaurant where Plaintiff allegedly worked; SORIANO BROTHERS RESTAURANT GROUP, LLC did not and does not share in any profits with R&M Fruits Corp. or JCY Fruit Stand, Inc.; and SORIANO BROTHERS RESTAURANT GROUP, LLC does not order supplies for the restaurant where Plaintiff allegedly worked.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against SORIANO BROTHERS RESTAURANT GROUP, LLC as SORIANO BROTHERS RESTAURANT GROUP, LLC was not Plaintiff's joint employer under the FLSA.  First, SORIANO BROTHERS RESTAURANT GROUP, LLC conducts no business.  Second, SORIANO BROTHERS RESTAURANT GROUP, LLC has no control or supervision over employees at the restaurant where Plaintiff allegedly worked or at any other location.  Third, SORIANO BROTHERS RESTAURANT GROUP, LLC has no right to hire, fire, or modify Plaintiff's employment conditions.  Fourth, SORIANO BROTHERS RESTAURANT GROUP, LLC has no power to determine Plaintiff's pay rate or method of payment.  Fifth, SORIANO BROTHERS RESTAURANT GROUP, LLC has no role in preparation of payroll or payment of Plaintiff's wages.  Sixth, SORIANO BROTHERS RESTAURANT GROUP, LLC does not own the facilities where Plaintiff allegedly worked. Seventh, Plaintiff's alleged job was not integral to SORIANO BROTHERS RESTAURANT

GROUP, LLC's business as SORIANO BROTHERS RESTAURANT GROUP, LLC conducts no business.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Plaintiff was not engaged in commerce or engaged in the production of goods for commerce. Plaintiff alleges she was a food preparer. Preparing food does not invoke individual coverage under the FLSA. *See Joseph v. Nichell's Caribbean Cuisine, Inc.,* 862 F.Supp.2d 1309, 1313 (S.D. Fla. July 17, 2012).

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because SORIANO BROTHERS RESTAURANT GROUP, LLC has acted in good faith compliance with the Fair Labor Standards Act.

EIGHTH AFFIRMATIVE DEFENSE

Even assuming arguendo SORIANO BROTHERS RESTAURANT GROUP, LLC is considered Plaintiff's joint employer (which they were not), Plaintiff's claim for overtime wage violation is barred to the extent that Plaintiff did not work more than forty (40) hours in one workweek.

NINTH AFFIRMATIVE DEFENSE

Even assuming arguendo SORIANO BROTHERS RESTAURANT GROUP, LLC is considered Plaintiff's joint employer (which they were not), Plaintiff's claims are barred by the provisions of 29, U.S.C. § 259, because all actions taken in connection with the Plaintiff's compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten

administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### TENTH AFFIRMATIVE DEFENSE

Even assuming arguendo SORIANO BROTHERS RESTAURANT GROUP, LLC is considered Plaintiff's joint employer (which they were not), Plaintiff's claim for overtime wage violations is barred by 29 U.S.C. § 254 to the extent Plaintiff is claiming wages for hours she was engaged in certain activities which were non-compensable or ancillary, such as taking breaks, sleeping on the job, and taking care of her own personal business.

### ELEVENTH AFFIRMATIVE DEFENSE

Even assuming arguendo SORIANO BROTHERS RESTAURANT GROUP, LLC is considered Plaintiff's joint employer (which they were not), Plaintiff's claim for overtime wage violations is barred to the extent SORIANO BROTHERS RESTAURANT GROUP, LLC lacked actual or constructive knowledge of the Plaintiff's overtime hours (to the extent she worked more than 40 hours).

SORIANO BROTHERS RESTAURANT GROUP, LLC reserves the right, subject to the Court's approval, to plead additional affirmative defenses as they become known during or after the discovery process.

WHEREFORE, SORIANO BROTHERS RESTAURANT GROUP, LLC demands judgment: (i) dismissing the Complaint filed against them with prejudice; (ii) awarding taxable costs as allowed by law; and (iii) for such other further relief the Court may deem just and proper.

Respectfully submitted,

HELLER WALDMAN, P.L.
*Counsel for Soriano Brothers Restaurant Group, LLC*
3250 Mary Street, Suite 102
Coconut Grove, Florida 33133
Telephone: (305) 448-4144
Telecopier: (305) 448-4155

By: /s/ Glen H. Waldman
    **Glen H. Waldman, Esq.**
    Fla. Bar No. 618624
    gwaldman@hellerwaldman.com
    **Jeffrey R. Lam, Esq.**
    Fla. Bar No. 41323
    jlam@hellerwaldman.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of August, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.

/s/ Glen H. Waldman
Glen H. Waldman, Esq.