## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21514-UU

DAMIRSY RODRIGUEZ ACOSTA,

      Plaintiff,

v.

SORIANO BROTHERS, *et al.*,

      Defendants.

_____/

## ORDER

THIS CAUSE is before the Court on Soriano Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.  D.E. 39.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

On April 22, 2015, Plaintiff, Damirsy Rodriguez Acosta ("Plaintiff"), filed her Complaint against Defendants, alleging overtime and minimum wage violations under 29 U.S.C. § 201 *et seq*.  D.E. 1.  In her Complaint, Plaintiff alleges that Defendants, Soriano Brothers, Soriano Brothers Restaurant Group, LLC, Yismel Soriano, Ismael Soriano, Sr., and Ismael Soriano, Jr. ("Soriano Defendants"), served as her joint employer for purposes of 29 U.S.C. § 203(d).  D.E. 1 ¶¶ 3-4, 6-8.  On July 2, 2015, counsel for the Soriano Defendants sent correspondence to Plaintiff's counsel, as required by the safe harbor provisions of Federal Rule of Civil Procedure 11.  D.E. 39-1.  On August 12, 2015, the Soriano Defendants filed the present Motion, requesting that sanctions be imposed against Plaintiff for failing to conduct a reasonable inquiry into the entity that served as Plaintiff's employer.  D.E. 39.  Specifically, the Soriano Defendants

complain that Plaintiff should have realized at the time of filing that Soriano Brothers is "not a corporation, but a trademark" and "[e]ach of the three restaurants are operated by independent companies who simply operate under the trademark 'Soriano Brothers' pursuant to a licensing agreement." *Id.*

Federal Rule of Civil Procedure 11(b) states as follows:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after any inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Before imposing sanctions, the Court must conduct a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleading should have been aware they were frivolous. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998); *see also Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 1993) ("The standard for testing conduct under amended Rule 11 is 'reasonableness under the circumstances.'").  The Eleventh Circuit has found sanctions to be warranted when a claimant exhibits "a deliberate indifference to obvious facts," but sanctions are not warranted when "the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry,

to support a claim under existing law." *Baker*, 353 F.3d at 915 n.46 (citing *Theaf Props., Ltd. v. Title Ins. Co. of Minn.*, 875 F.2d 831, 835-36 (11th Cir. 1989)).

Defendants claim that Plaintiff failed to conduct a reasonable inquiry before filing the Complaint, which would have revealed that the Soriano Defendants were not her employer. The Soriano Defendants apparently concede that Plaintiff worked at a restaurant that was being operated under the "Soriano Brothers" name; however, Defendants contend that the restaurant was simply operated under a trademark pursuant to a licensing agreement and was not itself a legal entity. In response, Plaintiff argues that the relationship with the Soriano Defendants and Defendants, Juan C. Ruiz, Janette Ruiz, and Carlito Ruiz, was not a relationship that she would have been aware of without the benefit of discovery. Plaintiff further offers her affidavit, where she attests that she had met in person with the Soriano Defendants on an almost daily basis; she wore a uniform with the "Soriano Brothers" logo; and the restaurant's sign and menu read as "Soriano Brothers." D.E. 45-1.

The Court finds no basis whatsoever to impose sanctions against Plaintiff. Based upon the foregoing, it was reasonable for Plaintiff to identify the Soriano Defendants as her employer and to name these Defendants in her Complaint. Without having conducted discovery, it cannot be said that Plaintiff would have known at the time of filing that Soriano Brothers was merely a "trademark" and was allegedly being operated pursuant to a licensing agreement. *See Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) ("The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted."). The Court finds that it was objectively reasonable for Plaintiff to allege the Soriano Defendants were her joint employers at

the time of filing her Complaint.[1]  The ultimate determination of which entity and/or individual

may be liable as Plaintiff's joint employer forms the crux of Plaintiff's burden in order to prevail

in this action and is not a question to be resolved by the Court on a motion for sanctions.  *See*

Advisory Committee Notes, 1993 Amendments to Rule 11 ("Rule 11 motions [should not] be

prepared [in order to] emphasize the merits of a party's position[.]").

     ORDERED AND ADJUDGED that Soriano Defendants' Motion for Sanctions Pursuant

to Fed. R. Civ. P. 11 (D.E. 39) is DENIED.

     DONE AND ORDERED this 10th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf

---

[1]  In fact, Defendants' charge that Plaintiff's allegations are frivolous flirts with the line of forming the basis of sanctions against Defendants, especially in light of the fact that it appears that the Soriano Defendants are, in fact, legal entities, and not merely trademarks as Defendants allege.  *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (finding a court did not abuse its discretion in imposing sanctions for filing a motion for sanctions and using it as an improper use of Rule 11).